Stephen Mazyck^ hy his last will and testament, bearing date the 3rd of May, 1832, amongst other things, devised and bequeathed as follows:—
“Imprimis. I give, devise, and bequeath, unto my beloved wife, Susan Smith Mazyck, all the property of whatsoever nature or kind, which my said wife possessed, or was entitled to, at the time of our marriage, or which has come to her since, in her own right; and particularly a slave named Jane,with her issue and increase : to have and to hold the same' *38 to her, her heirs, executors, adiiiinistrators, and assigns, forever.
Secondly. I give and bequeath unto my beloved and adopted daughter, Susan Mazyck, the child of toy brother, Robert W. Mazyck, on her marriage, or attaining the age of twenty-one years, twenty negro slaves, to be selected from toy whole gang of negroes, by my executors, or such as may qualify, at the time of my death; of which numbei, six shall be workers; to have and to hold the same to her¡ her executors; administrators, and assigns, forever.
Thirdly. I give, devise and bequeath unto my beloved wife, Susan Smith Mazyck, all the rest, residue, and remainder, of my estate, both real and- personal, of whatsoever nature or kind : to have and to hold the satoe, for and during the term of her natural life only. And I do hereby also give to my said wife, the use, labor and profit of the aforesaid twenty negro slaves, (directed to be selected by my executors, for my adopted daughter, Susan Mazyck, in the second clause, preceding this,) from the time of my death, until my said adopted daughter shall be married, or arrive at twenty-one years of age: and I do hereby declare, that my said wife is not to be accountable 0i‘ responsible for the use and labor of the said twenty negro slaves, during the aforesaid term, to any person whatsoever, or in any manner whatsoever.”
By the fourth, and subsequent clauses of his will, the testator disposed of his estate, after the death of his wife, to various persons, with divers limitations over; but none of them contain any provision relevant to the subject of the present appeal. A Codicil, however, bearing date the same day with the will, to wit, the 3rd of May, 1832, contains the following clause:—
“And whereas, also; in the third clause of my said last will á'nd testament, I have given the whole of my estate, real and *39 personal, with the exception of twenty negro slaves, to my wife, Susan Smith Mazyck, for and during the term of her natural life; besides the use of twenty negro slaves, directed to be selected for my adopted daughter, until my said adopr ted daughter should be married, or arrive at the age of twenty-one years; and whereas, it is my will and desire, that the estate of my said wife shall cease, not only at her natural life, ■but also on her inter-marriage with another husband; I do, -therefore, hereby will and direct, that the devise and bequest, so made of my estate, real and personal, in the third clause .of my said will, shall be so far altered, that my said wife, Susan Smith Mazyck, shall enjoy the same only during her ■widowhood, and that at the termination thereof, the said estate, real and personal, shall wholly devolve upon the persons -mentioned in the said will, as if she, my said wife, had departed this life: my will being, that she shall have no interest, whatever, in my estate, after her second marriage.”
And by the said codicil, the testator appointed his said wife, executrix, and his brother, Robert W. Mazyck, and William H. Wilson, the present complainant, executors of his said will and codicil.
The testator departed this life some time in November, 1832, leaving the aforesaid will and codicil in full force ; and they were shortly afterwards duly proved by R. W. Mazyck, who qualified as executor : and subsequently the widow also qualified as executrix, and the present complainant as executor.
The widow Susan Smith Mazyck, continued to reside on the plantation of the testator, and remained in the enjoyment of the estate devised and bequeathed to her, until the year 1837, when she inter-married with the present defendant, William A. Hayne.
The bill, in this case, was filed in January, 1838, to have the trusts of the said will and codicil declared, and tp obtain *40 an order for the sale of the testator’s estate, real and personal. The said William A. Hayne, and his said wife, were made parties defendants thereto ; and the bill prayed, that the said Susan Smith Hayne might either be declared not entitled to dower of the real estate of the testator, or might be required to elect to take under, or against, the will and codicil, and account for the income of the estate received by her, if she should elect to take dower. The defendants, William A. Hayne and wife, submitted by their answer, that she was not bound to elect, and that she was not barred of her right of dower, by her acceptance of the estate during widowhood ; and they prayed that her dower might be assigned to her.
The cause came on for hearing, at Charleston, in January, 1839, before Chancellor Harper, who pronounced a decree, of which the following extract, alone, relates to the subject of the present appeal.
“With respect to the claim for dower, after the determination of the widow’s life estate by her second marriage, I think it cannot be supported. The rule is, as stated in Gordon vs. Stevens, (2 Hill’s Ch. 48,) that as the right of dower is a clear legal right, an intent to exclude that right “must be manifested by express words, or by clear and manifest implication.” I think the intent is so manifested in the present case. By the will, the whole estate is given to the wife for life. If this had been all, it is admitted there could have been no claim for dower. By the codicil, the testator directs that his wife “shall enjoy the same only during her widowhood, and that at the termination thereof, the said estate, real and personal, shall wholly devolve upon the persons mentioned in the said will, as if she, my said wife, had departed this life: my will being, that she shall have no interest, whatever, in my estate after her second marriage.” The estate in 4ower would have terminated at her death; and if upon her *41 second marriage, it is to devolve wholly upon others, as if she had departed this life, I do not know what stronger terms could have been used to' exclude her from dower after that event.
“It is hardly necessary to say any thing, I suppose, on the subject of election. The widow received the profits of the entire estate for five years, which must have been more than equivalent to a life estate in one third, after the termination of her widowhood. But 1 should think, according to the cases of Ardesoife vs. Bennet, (2 Dick. 463,) and Butricke vs. Brodhurst, (3 Bro. C. C. 88,) that she must be held to have determined her election, by proving the will, and receiving' the profits of the estate for so long a time.”
Sis Honor, therefore, refused to order the dower of the defendant, Susan S. Hayne, to’ be assigned to her: whereupon William A. Hayne, and wife, appealed from the said decree, and moved that the same might be reversed or modified, in that particular, on the following grounds:—
1. That the widow’s right of dower is not barred by her acceptance of a provision for her contained in the will of her htisband, unless it appear, either by express declaration, of by necessary implication from the provisions of the will, that such provision for the widow was intended to be in lieu and bar of dower : and it is respectfully submitted, that in the will of the testator, in this case, there is neither any such express declaration, nor does any such implication arise, either from the devise of the whole estate to her during her widowhood, or the devise over, on the determination of that estate ; nor from any other provision of the will.
2. That even if the provision for the widow, in this case, and her right of dower, are incompatible, she has the right to elect between them; and that her right of election has not *42 been determined, and it should have been so ordered and decreed.
Bailey, for the motion;
(2 Tred. Const. Rep. 746; 1 M’C. R. 386.)
Mazyck, contra;
(2 Johns. Ch. R. 448; 2 Sch. & Lefr. 444; 4 Co. Rep. 3, a,. Vernon's case; 3 Russ. 192.)
The court concurred unanimously in the opinion of the Circuit Court: Present, Johnson, Harper, Johnston, and Dunkin, Ch.